[No. 9547.  In Bank.—June 2, 1885.]

## OSCAR PALMER, RESPONDENT, v. J. H. SNYDER ET AL., APPELLANTS.

SAN DIEGO — VIOLATION OF CITY ORDINANCE — ACTION TO RECOVER FINE — PLACE OF TRIAL. — An action commenced before a justice of the city of San Diego, under section 12 of the act re-incorporating such city, to recover a fine for a violation of a city ordinance, may be transferred for trial to a justice having his office outside the city.

APPEAL from a judgment of the Superior Court of San Diego County.

Proceedings for a writ of mandate to compel the defendants, as trustees of the city of San Diego, to audit a claim based upon a judgment recovered in the Superior Court of San Diego County. The action in which the judgment was recovered was begun by the city of San Diego against the petitioner to recover a fine for the violation of a city ordinance. It was brought before a justice having his office within the city limits, under the provisions of section 12 of the city charter, providing that all fines " may be recovered before any justice of the peace having his office within the corporate limit of the city." On motion of the petitioner, the action was transferred to a justice who had his office in National City, outside the corporate limits of San Diego. Judgment therein was rendered in favor of the petitioner, which was affirmed by the Superior Court. The further facts are stated in the opinion of the court.

*E. W. Hendrick,* for Appellants.

*Works & Titus,* and *Conklin & Hunsaker,* for Respondent.

The COURT. — 1. The appellant claims that the justice of the peace of National Township had no jurisdiction of the case, and that a judgment rendered by any justice having his office out of the city of San Diego, in a case under section 12 of the act to re-incorporate the city of San Diego, is void. (Stats. 1875–76, p. 812.) The act does not say that a judgment shall not be recovered before any justice out of the city. The action was properly brought before a justice of the city, and at the special instance and request of the city was transferred to a

justice of National Township in the same county. We think the latter justice had jurisdiction. There is nothing in the act referred to to show that sections 833 and 836 of the Code of Civil Procedure are not applicable to this case, as to change of place of trial.

2. We find nothing in the act which shows error in the order that the defendants, the board of trustees, audit and allow plaintiff's claim and issue warrant therefor.

Judgment affirmed.